IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | No. C 12-0811 CW (PR) |
| Plaintiff, | ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION |
| v. | |
| KENNETH R. CHAPPELL, Warden, | |
| Defendant. | (Docket no. 2) |

Plaintiff, a state prisoner proceeding pro se, seeks leave to proceed in forma pauperis (IFP) in this civil rights action. The Court previously informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil rights action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19. The sole exception to this restriction is that Plaintiff may proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Here, Plaintiff has not alleged facts that show he was in imminent danger of serious physical injury at the time he filed this complaint. Rather, in the complaint he alleges only that prison regulations that limit him to sending legal mail once a week violate his constitutional right of access to the courts. Moreover, the fact that Plaintiff has been sentenced to death does

not, at this time, satisfy the imminent danger requirement. Specifically, he is not in imminent danger of execution because his state habeas petition was pending when he filed this action, and this Court has granted his requests for the appointment of counsel and a stay of execution which he filed in anticipation of his future federal habeas litigation. See <u>Bonilla v. Ayers</u>, No. C 08-0471 CW (PR), Docket no. 3.

Accordingly, Plaintiff's request to proceed IFP is DENIED. This action is hereby DISMISSED without prejudice to bringing the claims herein in a future action in which he pays the full filing fee of $350.00.[1]

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: 4/11/2012

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff is advised that, even if he pays the filing fee, any action he files will be subject to review by the Court to determine whether the claims can go forward. 28 U.S.C. § 1915A. Further, before filing any civil rights action in federal court, he must exhaust all administrative remedies with respect to each claim he intends to pursue. 42 U.S.C. § 1997e(a).

2